Mc'Fabland, J.,
delivered tire opinion of tire court:
Ilogan obtained writs of certiorari and supersedeas to bring up and quasb a judgment of tlie recorder of the city assessing a fine of $50, and thirty days imprisonment, for the violation of a city ordinance and the laws of the state.
The writs were returned executed, hut the transcript shows no record or papers of any character from the recorder’s court. A motion to quash the proceedings was made and overruled, and the cause then tried by the judge, a jury being waived, and the judgment of the recorder affirmed. Hogan has appealed.
Justices of the peace and recorders of towns have such original criminal jurisdiction as is expressly conferred by law. Code, sec. 4966 [Shannon’s Code, sec. 6927]. Misdemeanors are not within the meaning of the fourteenth clause of the bill of rights [Con., art. 1, sec. 14], ordaining that no person shall be put to answer any criminal charge but by presentment, indictment, or impeachment (McGinnis v. The State, 9 Hum., 43), nor within the clause ordaining that the right of trial by jury shall remain inviolate (Trigally v. Mayor and Aldermen of Memphis, 6 Cold., 382). So the recorder would not be precluded by these provisions from trying the defendant for violating the laws of the state, in such cases as by law he is vested with jurisdiction.
But we do not find, that he is vested with criminal jurisdiction to try offenses against the state, except concurrently with justices of the peace. See sec. 11 of charter, acts of 1869, p. 169. This would be to assess fines in certain cases of'submission, or require the defendant to enter into bond for his appearance at court.
But aside from this, penalties prescribed by ordinances •of the city may be recovered by suit, in the nature of an .action of debt, if the ordinance be in accordance with the *341 laws of the state and charter. Meaher v. Mayor and Aldermen of Chattanooga, 1 Head, 76; Wood v. Mayor and Aldermen of Grand Junction, 5 Heis., 440 [442], This case does not come under the power of the recorder as exercising criminal jurisdiction to punish offenses against the laws of the state, but to recover penalties in violation of city ordinances. This being so, the form of the proceeding is an action of debt for the penalty, and should have been commenced by warrant. See the above cases. Whether as a part of such penalty, imprisonment can be included, we do not decide. It is said the charter contains no such power, though it' is not seriously denied that the offender may be held in custody, and compelled to- secure the penalty. The charter contains power to arrest offenders, and hold them in custody until trial. But as there was no warrant in this case, we are constrained to hold that the recorder had no jurisdiction to render the judgment. We cannot presume there was a warrant, as the record shows the contrary. We do not mean to intimate thgt policemen may not in proper cases arrest offenders without waiting for a warrant, but a judgment for a penalty prescribed by an ordinance cannot be recovered without a warrant.
The judgment must be reversed, and the judgment of the recorder quashed.